DAVID GOLDBERG, an Infant, by HYMAN GOLDBERG, His Guardian ad Litem, Respondent, v. JOSEPH S. BURROWS, Appellant, Impleaded with MICHAEL DOYLE, Defendant.

First Department, December 6, 1918.

Negligence — action to recover for personal injuries — verdict for defendant improperly set aside — power of court to set aside verdict against weight of evidence.

Appeal from an order granting plaintiff's motion to set aside a verdict for the defendant in an action to recover for personal injuries. Evidence examined, and *held*, that, there being a sharp conflict in the testimony of the plaintiff's and defendant's witnesses, and the issue turning mainly on credibility, the court erred in setting aside the verdict, which should be reinstated.

While a trial justice is authorized to and should set aside a verdict which is palpably against the weight of the evidence, and while the Appellate Division is loath to review the exercise of such power, yet in the case at bar the verdict should be reinstated as there was not even a fair preponderance of evidence in favor of the plaintiff if the jury rejected the testimony of his principal witness.

APPEAL by the defendant, Joseph S. Burrows, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 12th day of April, 1918, granting plaintiff's motion to set aside the verdict of the jury in defendant's favor, and for a new trial.

*Fred H. Rees,* for the appellant.

*Moses Feltenstein* of counsel [*Lewis A. Rosen,* attorney], for the respondent.

SHEARN, J.:

The learned trial justice was strongly convinced that the plaintiff ought to recover, for without taking briefs or having the minutes written out he instantly set aside the verdict. A deliberate examination of the record discloses a sharp and irreconcilable difference between the account of the accident as given by the witnesses called by the contending parties; that the number of eye-witnesses was quite evenly divided, and that a vigorous attack was made upon the credibility of the principal witness for the plaintiff and one of the main witnesses for the defendant. The plaintiff's witness, whose credibility was assailed, was the only one who gave a comprehensible account of the accident. From the verdict in favor of the defendant it may be fairly inferred that the jury refused to believe this witness. The weight of the evidence was to be determined by the court in passing upon the motion to set aside the verdict, but it should be borne in mind that the credibility of witnesses is peculiarly for the jury. While the trial justice is authorized to and should set aside a verdict which is palpably against the weight of the evidence, and while this court is loath to review the exercise of such power, yet in such a case as has been outlined where, as we find, there was not even a fair preponderance of evidence in favor of the plaintiff if the jury rejected the testimony of plaintiff's principal witness, we feel bound to hold that the verdict was improperly set aside.

The order appealed from should be reversed, with costs, and the verdict reinstated.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concurred.

Order reversed, with costs, and verdict reinstated.