## FIRST DEPARTMENT, APRIL, 1926.

TONY COLAVITO, an Infant, by FRANK COLAVITO, His Guardian ad Litem,
Respondent, *v.* OTTO STAHL, INC., Appellant.

FRANK COLAVITO, Respondent, *v.* OTTO STAHL, INC., Appellant.

Appeal in each action from an order of the Supreme Court, made at the New
York Trial Term in each action, and entered in the New York county clerk's office
on May 28, 1926, setting aside the verdict of a jury in favor of the defendant
and granting a motion for a new trial made upon the minutes.

PER CURIAM: The orders appealed from should be reversed, with costs, and
the verdicts reinstated, and judgments entered thereon, with costs. *Goldberg* v.
*Burrows* (185 App. Div. 244) and *Cohen* v. *Cohen* (191 id. 882) are very appro-
priate authorities for our determination. Present — Dowling, Merrell, Finch,
McAvoy and Martin, JJ. Orders reversed, with costs, verdicts reinstated and
judgments directed to be entered thereon, with costs.

---

LEWIS D. WILLIAMS, Appellant, *v.* SINGER SECURITIES CORPORATION and Others,
Defendants, Impleaded with MAURICE SINGER, Respondent.

*Arrest — action for fraud — complaint states facts authorizing order of arrest — respond-
ent showed no facts authorizing court to set aside order.*

Appeal from an order of the Supreme Court, made at the New York Special
Term and entered in the New York county clerk's office on September 4, 1924,
setting aside an order of the Special Term theretofore entered under section 826,
subdivision 6, of the Civil Practice Act, for the arrest of the defendant Maurice
Singer.

PER CURIAM: The complaint sets out facts which give ground for an order of
arrest because of the nature of the action. The affidavit of plaintiff supports by
proof of the acts of the defendant Singer his participation in the alleged scheme to
defraud plaintiff. The affidavit of defendant himself containing his denials of
plaintiff's assertions and explanations of the circumstances which give color to
plaintiff's version of the transactions, is not of such probative weight as to justify
a vacatur of the order of arrest. We think that the order of arrest should not have
been vacated at Special Term on the proof presented, and the order appealed
from should be reversed, with ten dollars costs and disbursements, the motion
to vacate the order of arrest denied and said order reinstated, with ten dollars costs.
Present — Clarke, P. J., Dowling, Merrell, McAvoy and Martin, JJ.; Dowling, J.,
dissents. Order reversed, with ten dollars costs and disbursements, and motion
denied and order of arrest reinstated, with ten dollars costs.