ROGER ELLMAN et al., Appellants, v. HERBERT MENDELOWITZ et al., Respondents — Order, Supreme Court, New York County, entered on October 3, 1972, affirmed, without costs and without disbursements. Concur — Kupferman, Murphy, Lane and Tilzer, JJ.; Nunez, J. P., dissents in the following memorandum: I would reverse and order a new trial. Willie Rose was a nominal defendant but a key witness for his employer and for a codefendant in this personal injury negligence action tried to a jury on the issue of liability only, and resulting in a verdict in defendants' favor. The infant plaintiff was injured when struck by a taxicab. Plaintiffs claim that the infant plaintiff had been requested by Willie Rose, the driver of a truck loaded with soda bottles, to watch and guard the truck and its contents while Rose and his helpers delivered soda to nearby buildings. The truck had been double parked by Rose. The young plaintiff claimed that while engaged in the duties assigned to him by Rose, and as he bent down to tie his shoelaces, he was struck by a taxicab. At his pretrial deposition read at the trial, Rose testified that he had not requested the plaintiff to guard his truck; that when he emerged from premises 1370 Fifth Avenue, he observed plaintiff on the truck; he shouted to him to get off and when plaintiff jumped off on the street side he was struck by the taxicab. After his testimony was read by one of the defendants at the trial, plaintiffs' counsel requested that Rose take the stand for cross-examination. Defendants' counsel was directed by the court to produce Rose on the following day, but Rose's own attorney informed the court that he had been unable to locate his client. In a posttrial affidavit, Rose recanted his deposition testimony. In his recantation affidavit and in the hearing conducted by the Trial Justice on plaintiffs' motion for a new trial, Rose swore that he did in fact request the infant plaintiff to guard the truck and that at the time of the accident he was inside a building and did not see the plaintiff jump off the truck, did not shout to him to get off the truck and, indeed, did not see the accident. He gave excuses for his previous false testimony and for his failure to appear at the trial. Rose's testimony was crucial and in all likelihood accounted for the verdict in defendants' favor. The trial court so found: " As to the materiality of the recantation and whether it is likely that a different result would have ensued had Rose recanted in open Court it is clear both from the Court's charge and the questions raised by the jury during their deliberations *that Rose's testimony was crucial to the case and his recantation may well have affected the outcome of the case.*" (Emphasis added). In my view the court below erred in passing on Rose's credibility or lack of reliability and denying plaintiffs' motion. The court having found that the recantation was material and crucial and that it may well have affected the outcome of the case, it was not within its power to rule on Rose's credibility. Plaintiffs were entitled to have a jury pass on the credibility of the witness. The law seems to be quite clear: " On one of the trials it is quite likely that the plaintiff's testimony was truthfully given, but whether on the first or the second trial was for the jury, not the court, to determine.

687

It is the province of the former, not the latter, to weigh the testimony given in the light of all the circumstances surrounding it." (*Williams* v. *Delaware, Lackawanna and Western R. R. Co.*, 155 N. Y. 158, 161.) (See, also, *Goldberg* v. *Burrows*, 185 App. Div. 244; and *Cannon* v. *Fargo*, 222 N. Y. 321, 325.)